Harper, J.
In the case of Ramsay v. Marsh (2 M’C. 252) is enumerated, as the second mode of crear ting a trust not executed by the statute, “ where the feoffees to a use were directed to receive the profits and pay them over to the person intended to be bene-fitted.” In Christian’s note to 2 Blac. 236, n. 9. this doctrine is questioned, and it seems to he thought, that if there be nothing more than a direction to pay over the rents and profits, there is. no object in retaining the estate in the trustees, and the use will be executed. The rule is perhaps more accurately laid down in Ramsay v. Marsh, in the quotation from Lord Hardwick’s opinion in Chapman v. Blisset (Forrest, 145) “ where particular things are to be done by the trustees, it is necessary that the estate should remain in them, so long at least, as those particular purposes required it.” In Gregory v. Henderson, 5 Taunt. 772, the devise was to trustees, to permit testator’s wife to occupy possess and enjoy the premises, and to receive the rents; her receipts for which, with the approbation of the trustees, to be good. This was held not to be executed. The court puts it on the intention, that the legal estate should not vest in the wife, and laid hold of the circumstance of the trustee’s approbation being required to the receipts, as indicating the intention. Perhaps the rule might be more accurately expressed to say, that where the intention is, that the estate shall not be executed in the ■cesluique use, and any object is to be effected by its remaining in the trustees, there it shall not be executed. In the present case, there can be no doubt about the intention. The donor declares that' it shall not be subject to the debts or contracts of Charles Posey.— This cannot be, if he is to have the legal estate. The object to be effected is, that the trustees shall retain the legal estate, so as to protect it from being sold for Charles Posey’s debts, until the period of division shall arrive, and in the event of his death before that period, to preserve it as a home for his wife and children. This is what the trustees are to do.
The motion to set aside the nonsuit is granted.
Johnson & O’Neall, Js. concurred.